This is a child custody case between the natural father of the child and his sister, the paternal aunt of the child. Clarence Edgar Hale has appealed from a decree of the Chancery Court of Quitman County awarding the custody of his child Thomas Geral Hale, about eleven years of age, to Druscilla Hale Hood, the paternal aunt of the child. We reverse and render.
Appellee has not favored us with a brief in this case and ordinarily we would hold that such failure amounts to a confession of error. However, since this case involves the custody of a child whose best interest is at stake, we have carefully examined the evidence in this case and are of the opinion that the chancellor was manifestly wrong in awarding the custody of the child to the appellee.
The child in question was born to the union of appellant and JoAnn Goodman Hale. They were divorced by a decree of the Chancery Court of Quitman County rendered on May 25, 1965. By the terms of this decree the mother was awarded the custody of the child with the father having reasonable visitation rights. However, the mother turned the child over to appellant's mother, Mrs. Lydia Hale, and the child has lived with his grandmother most of the time for the past seven years. In 1972, the mother of the child signed an agreement whereby she agreed that appellee could have the custody of the child, but the child continued to reside with the grandmother until shortly before this controversy arose. The health of the grandmother was such that she could no longer take care of the child and she left the child in the care of the appellee in appellee's home in Mulhall, Oklahoma. Appellant went to Oklahoma and picked up his son and brought him to Mississippi. Appellee filed a third party petition seeking to have the court award her custody of the child and appellant filed a motion to modify the divorce decree so as to award him custody. The mother of the child entered her appearance and consented to the modification of the decree so as to award the custody to the father, reserving only reasonable visitation rights. By consent of the parties and the court, the petitions were combined and heard in the same proceeding. The grandmother and the mother of the child testified that in their opinion the father was a fit and proper person to have custody of the child and that custody should be awarded to him. The court did not find, nor was there evidence to support a finding, that appellant had abandoned the child or that he had been guilty of any immoral conduct or was otherwise unfit to have the custody of the child. The chancellor merely found that it was in the best interest of the child that his custody be awarded to appellee.
The well-settled rule in a child custody case between a natural parent and *Page 20 
a third party is that it is presumed that the best interest of the child will be preserved by being in the custody of the natural parent. In order to overcome this presumption there must be a clear showing that (1) the parent has abandoned the child, (2) the conduct of the parent is so immoral as to be detrimental to the child, or (3) the parent is mentally or otherwise unfit to have custody of the child. Rodgers v. Rodgers, 274 So.2d 671
(Miss. 1973).
For the reasons stated the decree awarding appellee the custody of the child will be reversed and judgment will be entered here modifying the divorce decree so as to award the appellant the custody of his son Thomas Geral Hale with reasonable rights of visitation reserved to the mother.
Reversed and rendered.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.