317 So.2d 392 (1975)
Brenda Sue GREEN
v.
David Monroe GREEN.
No. 47968.
Supreme Court of Mississippi.
July 14, 1975.
Maynard, Fitzgerald, Bradley & Chaffin, Clarksdale, for appellant.
Appellee did not file brief.
Before GILLESPIE, SMITH and WALKER, JJ.
GILLESPIE, Chief Justice.
Brenda Sue Green sued her husband, David Monroe Green, in the Chancery Court of Coahoma County wherein she sought a divorce, custody of the two-year-old child, Connie Renee Green, support money for the child, and a reasonable allowance for attorney's fees and court costs. The husband filed an answer denying the essential averments of the bill of complaint and incorporated a cross-bill for divorce wherein he requested the permanent custody of the child.
*393 After a full hearing the chancellor held that there had been a reconciliation of the parties in March, 1973, and that the proof was insufficient to establish cruel and inhuman treatment on the part of the husband, that the proof failed to establish adultery on the part of the wife as claimed by the husband in his cross-bill. Thereupon the chancellor denied both parties a divorce and awarded the custody of Connie Renee Green to Mrs. John Green, the paternal grandmother of the child.
The wife appealed to this Court and supported her appeal with a brief. The husband failed to file any brief in this Court or otherwise make any appearance.
Two questions are raised by the wife's brief. She contends that the trial court erred in awarding the care and custody of the child to the paternal grandmother. This assignment of error is well taken.
The failure to file a brief is tantamount to a confession of error on the part of the husband and ordinarily would be accepted as such and the judgment of the court below would be reversed under the authority of Transcontinental Gas Pipe Line Corp. v. Rogers, 284 So.2d 304 (Miss. 1973). However, this is a case involving the custody of a child and a divorce, and we have carefully examined the evidence as was done in Hale v. Hood, 313 So.2d 18, 19 decided by this Court on May 26, 1975. In so doing, we find there is no lawful authority for awarding the child to the paternal grandmother. In Hale v. Hood, supra, the Court said:
The well-settled rule in a child custody case between a natural parent and a third party is that it is presumed that the best interest of the child will be preserved by being in the custody of the natural parent. In order to overcome this presumption there must be a clear showing that (1) the parent has abandoned the child, (2) the conduct of the parent is so immoral as to be detrimental to the child, or (3) the parent is mentally or otherwise unfit to have custody of the child. Rodgers v. Rodgers, 274 So.2d 671 (Miss. 1973).
We hold that the trial court erred in his decree concerning the custody of the child because there was no finding that the mother abandoned the child, or that her conduct was so immoral as to be detrimental to the child, or that she was mentally or otherwise unfit to have custody.
The second question raised by the wife is her contention that the court erred in determining that the proof established by the appellant was insufficient to establish grounds for a divorce based upon cruel and inhuman treatment. We are of the opinion that the chancellor erred in this respect and that the evidence offered by the wife of the conduct of her husband after the reconciliation in March, 1973, when considered in the light of the previous marital history, was sufficient to establish habitual cruel and inhuman treatment.
For the reasons stated, the decree of the chancery court is reversed and the case is remanded to the trial court for entry of a decree (a) awarding the wife a divorce, (b) granting the wife custody of the minor child, Connie Renee Green, and (c) fixing the amount of child support to be paid by the husband.
Reversed, rendered and remanded with directions.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.