SMITH, Justice:
Mrs. Kathryn Roberts Garsceau Balliet and Leon Roberts, formerly husband and wife, were divorced in Florida in 1968, the decree having awarded custody of their children to Mrs. Roberts, now Mrs. Balliet, granting rights of visitation to Roberts, and ordered the latter to pay $25 per week for the support of the children. The present litigation was begun by Mrs. Roberts (now Balliet) who brought suit in the Circuit Court of Jasper County, demanding judgment against Roberts for $6,300.00, the aggregate amount she alleged that Roberts was in default in child support payments, from January, 1968, the date of the divorce decree, to the date of the filing of suit.
The case was transferred to the Chancery Court of Jasper County, where a trial took place. At the conclusion of the evidence offered by complainant a motion was made by the defendant “to dismiss the bill” upon the ground that complainant had failed to make out a case. This motion was sustained by the chancellor and the bill was dismissed with prejudice.
The testimony of the parties in the record (the defendant was called as an adverse witness by complainant) makes it obvious that neither party had kept any records over the 8 year period here involved worthy of the name and that recollections on both sides were hazy and unsure in many instances.
Complainant, since her divorce from Roberts in 1968, had been married twice more, and had lived in various states and places and there were other factors relating to the method in which many of the payments had been made that made proof difficult and, on the whole, unsatisfactory. Nevertheless, when defendant’s motion to “dismiss” was interposed at the close of complainant’s case (both parties now agree that the motion, despite its title, operated as a motion to exclude the evidence and to enter a decree for the defendant) it became necessary that the chancellor, in passing upon the motion, accept all that the evidence proved or reasonably tended to prove favorable to complainant, as well as such inferences favorable to her as might reasonably be drawn from it.
In Partee v. Pepple, 197 Miss. 486, 20 So.2d 73 (1944), this Court said:
While the foregoing statute, [Section 1312, Code 1942 (Mississippi Code Annotated section 11-5-71 (1972)] by its very language, only provides the right to the defendant to introduce his evidence when his motion to exclude that offered by the complainant has been overruled, we are of the opinion that it was the intention of the Legislature to make the same rule applicable in chancery as obtains in the circuit court, when a motion is made to exclude the evidence of the plaintiff, and to direct a verdict for the defendant. It is well established that in such case, if the motion is overruled in the circuit court, then the defendant may proceed with the introduction of his evidence. On the other hand, where such a motion in said court is erroneously sustained, and the plaintiff appeals, we would not render final judgment here, on the theory that under the proof made by the plaintiff he was entitled to recover, but would reverse the case for a new trial. Applying this rule in chancery, it follows that the instant case should likewise be reversed and remanded for a new trial.
Since this is now being announced as the applicable rule in chancery, it should be further stated herein that the same considerations should control the action of the chancellor in sustaining such a motion as now pertains to the action of the circuit judge in that regard — that is to say, that all of the facts which the complainant’s evidence fairly tends to establish, together with all the reasonable inferences to be deduced therefrom, should be assumed to be true when the chancellor rules on such a motion.
*742 From the foregoing views based on our understanding of the case made on the merits, and the construction that we have thus given the statute hereinbefore quoted, it follows that the decree of the trial court should be reversed and the cause remanded for a new trial.
197 Miss, at 503, 20 So.2d at 79.
So considered, although the evidence was in considerable disarray to say the least, we are unable to say that it was wholly incapable of supporting any recovery by her whatever. That is not to say, however, that upon completion of the case on retrial, the chancellor may not exercise his prerogative as trier of facts and settle such factual issues as may then exist, and in the course of doing so, pass upon the credibility of the witnesses and the weight of the evidence.
Since the interests of children are directly involved here and such interests are paramount to any “rights” which the adults may be supposed to have in the premises, in the peculiar posture in which the case has come to us, we deem it unavoidable that the decree appealed from be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.