363 So.2d 249 (1978)
Mrs. Kathryn GARCEAU
v.
Leon ROBERTS.
No. 50718.
Supreme Court of Mississippi.
October 18, 1978.
Jimmie H. Fields, Meridian, for appellant.
No brief for appellee.
Before SMITH, LEE and COFER, JJ.
COFER, Justice, for the Court:
Appellant in the Circuit Court of Dade County, Florida, on January 12, 1968, procured an uncontested divorce, following an adjudication of default on appellee's part. The judgment awarded to her custody of the parties' two children and support money of $25 per week beginning retroactively on December 15, 1967. The payments were to be made through the alimony and support division of the court, but the parties, believing it to be for their convenience, agreed instead that the payments would be made directly by the father to the mother.
*250 Prior to September 14, 1973, appellant filed a suit, on a duly authenticated copy of the Florida judgment in the Circuit Court of the First Judicial District of Jasper County, Mississippi, for amounts allegedly owing on the judgment, which case was transferred to the chancery court.
To appellant's pleadings recast to conform to chancery procedure, appellee filed an answer.
Hearing was begun on the pleadings as they then were and on the conclusion of complainant's evidence, the chancellor sustained appellee's motion to exclude the proof and dismiss the bill of complaint. From that decree appellant appealed to this Court, in which, by opinion dated December 21, 1976, the decision was reversed and the case was remanded for new trial. Garsceau v. Roberts, 340 So.2d 740 (Miss. 1976). In our opinion in that case, we summarized the facts relevant to the decision.
On the remand of the case, appellant sought permission "to update her pleadings," and did so, by amendment and supplement filed May 19, 1977. Appellee answered and incorporated a cross bill praying that the Florida judgment be modified by awarding to him the custody of the children or by their placement in a suitable place.
A hearing was afforded on the pleadings with results little improved over those causing Justice Smith to conclude in the opinion in the earlier appeal above, that "the evidence was in considerable disarray." Nevertheless, the chancellor adjudged that appellant was not due recovery for 1967-74, inclusive; appellee owed her $652.50 accrued since the beginning of 1975 to July 21, 1977, gave to appellee visitation rights, denied attorney fees, and taxed the costs in equal parts.
Appellant has appealed the decision, and has filed abstract and brief. Appellee, summoned by publication (Mississippi Code Annotated, section 11-51-57 (1972)), returnable on the first Monday of July 1978, has not chosen to file any brief in the cause, and the sixty days authorized therefor (Supreme Court Rule 7) have expired.
Appellant filed motion for reversal on her brief because of appellee's default, which action this Court often takes. See Westinghouse Credit Corporation v. Deposit Guaranty National Bank, 304 So.2d 636, 637 (Miss. 1974), wherein we said, "The failure of the appellees to file briefs in this Court is tantamount to a confession of error and will be accepted as such." See also Jackson v. Walker, 240 So.2d 606 (Miss. 1970), and Lawler v. Moran, 245 Miss. 301, 148 So.2d 198 (1963).
We refrain from that peremptory course here, however, the interests of the children prompting us to review the record for basis upon which to make conclusion. Green v. Green, 317 So.2d 392 (Miss. 1975); Hale v. Hood, 313 So.2d 18 (Miss. 1975).
We find in the record adequate basis for affirming the chancellor's decision against changing the children's custody and in his providing for visitation rights with the father.
Appellant prepared and made a part of the record a statement of amounts accrued under the Florida judgment and the credits to which appellee is entitled, these being described as only to the best of her memory. Appellee, in a general way, asserted he owed nothing on the judgment except a part of what the chancellor found him to owe. While courts approach child support orders and credits thereon in a somewhat different manner from ordinary debts, it remains in the child support area, too, that when the creation of an indebtedness is established, as is admitted by appellee in this record, then payment of it is an affirmative defense which must be pleaded, Hannan Motor Co. v. Darr, 212 Miss. 870, 56 So.2d 64 (1952). The burden to prove that defense is, as in other affirmative allegations, upon the party relying thereon. In Germany v. U.S.F. & G. Co., 168 Miss. 854, 152 So. 275 (1934), we said:
The burden of proof was upon appellant to establish his defense of payment. His original liability for the account was not in issue. The plea of payment is a plea of confession and avoidance. It *251 seeks to avoid the confession of original liability by showing its payment and this must be shown by a preponderance of the evidence. (168 Miss. at 862, 152 So. at 276).
We find that appellant is entitled to $5,502.50 as arrearage on the judgment. The costs will be taxed against the appellee, rather than divided equally as the chancellor divided them. (We would not hesitate to remand this case for statement of account between the parties by a master, but for our conviction that that course would afford no more benefit or enlightenment than now furnished in the record.)
This case underscores two truths which are noticed here:
1. Support payments, whether for children or as alimony, should be paid to the person or officer designated in, and in the manner directed by, the decree fixing such payments.
2. When the trial court has decided a case, the appellee should, if he conscientiously can, diligently undertake to procure affirmance of that decision.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.
SUGG, J., took no part.