HAWKINS, Presiding Justice,
for the Court:
Ruth Raspilair filed a claim for $30,600 against her ex-husband’s estate. The Harrison County Chancery Court dismissed her claim, holding that she had not proven it. Ruth now appeals. Finding that Ruth made and proved a valid claim against the estate, we reverse and render.
FACTS
Ruth and Joseph Raspilair, Jr., were married on August 4, 1946. Ruth secured *971 a divorce from Joseph on the ground of habitual cruel and inhuman treatment in 1979 in the Harrison County Chancery Court, terminating a 33-year marriage, with no children.
The divorce decree awarded Ruth $20,-000 lump sum alimony and $300 a month periodic alimony. The decree also provided:
the Defendant shall maintain $30,000 in life insurance until such time as the now existing debts for which the proceeds of the policy are pledged are paid, at which time Complainant shall be named primary beneficiary until such time as she dies, remarries or further Order of this Court.
Joseph filed a complaint for modification of the final divorce decree, and because he had cancer, Ruth agreed to temporarily relieve him of his duty to pay her alimony. On April 23, 1985, the court order stated in pertinent part:
The Court finds that the final hearing on the Complaint of plaintiff should be continued for twelve months from the date hereof. The Court further finds that the plaintiff is presently unable to make the alimony payments as required by the Final Decree of November 7, 1979, and, by agreement of the parties, the payment of all alimony payments required under the Final Decree of Divorce of November 7, 1979, is hereby suspended, and Plaintiff is hereby relieved from making such alimony payments until a hearing can be had upon the Complaint for Modification.
The Court finds that the Plaintiff is, as of the 1st day of April, 1985, in arrears in alimony payments in the amount of $600.00, representing March and April of 1985, which payments shall be held in abeyance until twelve months from date of entry of this Judgment. It is therefore,
ORDERED AND ADJUDGED, that the Plaintiff, Joseph Raspilair, Jr., be and he is hereby relieved from making any alimony payments to Defendant, Ruth Raspilair, as ordered by the Final Decree of Divorce of November 7, 1979, and all alimony payments are hereby suspended as ordered by said Final Decree until a hearing can be had on the Complaint for Modification.
On February 18, 1986, within the 90-day time period for filing claims, Ruth filed a petition to probate her claim against her ex-husband’s estate for $30,600, of which $30,000 was based on the provision of the divorce decree, and $600 on the April 23, 1985, judgment finding that Joseph was $600 in arrears in alimony payments.
At the hearing on her claim, Ruth presented a copy of her February 18, 1986, probated claim for $30,600, a copy of the November 7, 1979, divorce decree, a copy of the April 23, 1985, judgment, and her testimony that she had not received payment for any part of her claim and had not remarried. She put on no evidence with regard to the payment of the debts referred to in the divorce decree.
The estate put on no evidence. The attorney for the estate conceded Ruth was entitled to the $600 in back alimony, but asked her claim to the $30,000 in life insurance proceeds be dismissed. He argued that she had not made out a proper claim for the $30,000 because she had not proven that the debts for which the policy proceeds had been pledged had been paid. The payment of these debts, he argued, was a condition precedent to Ruth’s claim to the $30,000; therefore she had to prove that the debts had been paid in order to make out a prima facie case.
Ruth responded that proof that the debts for which the policy proceeds had been pledged fell on the estate.
The chancellor inquired as to the existence of the policy, and Ruth’s attorney stated that he had been advised by the estate’s attorney that the policy was in existence. The estate’s counsel then informed the court that the life insurance policy had lapsed.
The chancellor dismissed Ruth’s claim for $30,600, holding that she had not sustained her claim by the proof.
Ruth appeals.
*972 LAW
There has been no contention but that the claim filed by Ruth satisfied Miss.Code Ann. § 91-7-149 (1972), the proof of claims statute.
We find that Ruth made and proved a valid claim against the estate for $30,600, which the chancellor should have allowed, as authorized under Miss.Code Ann. § 91-7-165.
Six hundred dollars of the claim was supported by the April 23, 1985, judgment. Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961).
As to the remainder of the claim, by court decree Joseph was obligated to carry a $30,000 life insurance policy on his own life. After payment of then existing pledged debts, he was further obligated to name Ruth as the policy’s primary beneficiary. Had the policy remained in effect, at Joseph’s death Ruth would have received $30,000 in the absence of unpaid debts.
Joseph breached his obligation and duty under the court decree by letting the policy lapse. He thereby prevented Ruth from receiving any insurance proceeds at his death. Had the divorce decree contained no debt contingency regarding the life insurance policy, Ruth was damaged $30,000 by Joseph’s breach of his duty. And, whether or not there were in fact outstanding debts which Joseph initially intended the policy to secure became immaterial when Joseph let the policy lapse. Of his own accord he removed this source of possible payment of the debts. If Joseph had wanted the policy to stand for and perhaps pay those debts, he should have kept it in effect.
The $30,000 life insurance policy was an important provision in the divorce decree terminating a 33-year marriage. Joseph had no right to let it lapse in the absence of court authority therefor. Taylor v. Taylor, 348 So.2d 1341 (Miss.1977); McKee v. McKee, 382 So.2d 287 (Miss.1980); Garceau v. Roberts, 363 So.2d 249 (Miss.1978); Schaffer v. Schaffer, 209 Miss. 220, 46 So.2d 443 (1950). Indeed, although we are not required to address the question in this case, it could be argued that the life insurance requirement was in the nature of a lump sum award, and not subject to change.
Moreover, even had there been a $30,000 life insurance policy in effect at Joseph’s death, the chancellor placed an undue burden on Ruth to prove: (a) whether there were any debts due by Joseph, and (b) whether such debts had or had not in fact been paid. The overriding purpose of the divorce decree was for Joseph to maintain the $30,000 life insurance policy on his life subject only to payment of the then “existing debts for which the proceeds of the policy are pledged are paid.” These debts would have served only to reduce the amount of insurance proceeds due Ruth at Joseph’s death, if she were then alive and had not remarried. Had the policy been in effect at Joseph’s death, it would have been a simple matter for either the insurance carrier or Joseph’s estate to supply evidence of which pledged debts, if any, remained unpaid. Delta Fertilizer, Inc. v. Weaver, 547 So.2d 800 (Miss.1989).
Ruth having made and presented a valid claim, and the estate having offered no evidence, it follows that the order dismissing her claim should be reversed and her claim allowed and approved as a valid claim against Joseph’s estate.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.