# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-01852-SCT

*JAMES B. YELVERTON*

*v.*

*RHONDA H. YELVERTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2008 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL JAMES MALOUF, JR |
| | MELISSA ANN MALOUF |
| ATTORNEY FOR APPELLEE: | DAMON SCOTT GIBSON |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 02/04/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal of a divorce judgment entered on remand from this Court. The original judgment was reversed in part due to errors in calculating periodic alimony, child support, and the valuation of a marital asset, namely, the husband's car dealership. Finding that the chancellor erred in failing to conduct a hearing, in failing to receive and consider evidence of the parties' respective financial circumstances up to the time of remand when determining periodic alimony and child support, and in failing to receive and evaluate

evidence of the value of appellant's interest in Yelverton Imports, we reverse the judgment in part and remand the case for further proceedings.

## Facts and Procedural History

¶2.     On February 18, 2002, Rhonda filed for divorce from James ("Jim") Yelverton on the ground of habitual cruel and inhuman treatment in the Chancery Court of the First Judicial District of Harrison County. The parties temporarily reconciled and bought what is referred to as "the Magnolia property" in December 2002. Thereafter, Rhonda decided to proceed with the divorce, and on March 13, 2003, the chancellor entered a order requiring Jim to pay $4,000 per month in temporary child support and $2,500 per month in temporary alimony.

¶3.     The trial took place over several days in November 2003 and January 2004, and the chancellor entered his final judgment on April 29, 2004. Rhonda was given custody of their two minor children, and Jim was ordered to pay $2,500 per month in child support. Regarding the marital property, the chancellor ordered that the marital domicile and the Magnolia property be sold and the proceeds divided equally between the parties. Jim was allowed to retain his forty-eight percent ownership interest in his car dealership, Jim Yelverton Imports, Inc., but was ordered to pay Rhonda $250,000 in lump-sum alimony in minimum monthly installments of $5,000 per month. Rhonda also was awarded $2,500 per month in periodic alimony plus twenty-five percent of Jim's annual income over $150,000. Finally, Jim was required to pay Rhonda's attorney fees and court costs.

¶4.     Jim also was found in contempt for failure to pay the temporary alimony and child support and was ordered to pay the arrearage within sixty days of the final judgment. Shortly after the judgment was entered, Rhonda filed another contempt action based on Jim's

2

continued failure to pay. While Rhonda had sold the marital home and moved into an apartment as ordered by the court, Jim was living at the Magnolia property with his new wife. Following a hearing, the chancellor found Jim in "willful contumacious contempt."

¶5. Jim appealed, raising issues regarding lump-sum alimony, periodic alimony, child support, and attorney's fees, but he did not appeal the custody award or the contempt issue. The case was assigned to the Court of Appeals, which affirmed the judgment *in toto*. ***Yelverton v. Yelverton***, 961 So. 2d 48 (Miss. Ct. App. 2006). This Court granted Jim's petition for writ of certiorari, reversed the decisions of the Court of Appeals and the chancery court, and remanded the matter with instructions. ***Yelverton v. Yelverton***, 961 So. 2d 19 (Miss. 2007) (***Yelverton I***). These instructions required the chancery court to: (1) revisit the issue of lump-sum alimony, making specific findings of fact and conclusions of law consistent with ***Ferguson v. Ferguson***, 639 So. 2d 921 (Miss. 1994); (2) reevaluate Jim's net worth; (3) make specific, on-the-record findings to justify any deviation from the statutory child support guidelines; (4) reevaluate the award of periodic alimony; (5) revalue Jim's interest in the automobile dealership without including the value of good will; and (6) revisit the issue of attorney's fees should the chancellor deem necessary. ***Yelverton I***, 961 So. 2d 19.

¶6. This Court's mandate issued August 16, 2007. On March 5, 2008, without conducting a hearing, the chancellor entered a seventeen-page judgment. The judgment reduced child support from $2,500 per month to $2,400 per month, kept lump-sum alimony the same at $250,000 but without a minimum monthly payment, reduced periodic alimony from $2,500 to $2,000 per month, and kept intact the original award of attorney's fees to Rhonda. The

3

chancellor based his decision on testimony and exhibits received at the hearings conducted prior to the original 2004 judgment. He noted that shortly after the case was remanded, the parties had informed the court that they were in settlement negotiations, but that these negotiations had broken down.

¶7. Jim filed a motion for reconsideration, claiming that since the original judgment, there had been substantial and material changes in circumstances requiring that the chancellor eliminate entirely his alimony and child support obligations. Jim argued that the court should have held an evidentiary hearing to reevaluate his worth and earning capacity. He also argued that circumstances required a change in the legal and physical custody of his two minor children. Rhonda countered that the proper procedure was for Jim to file a petition for modification.

¶8. On August 5, 2008, the chancellor issued an order denying the motion for reconsideration. The chancellor did not give specific reasons for denial, but noted in his order that the court had set the matter for conference on July 22, 2008, and the parties had failed to appear.

¶9. Following denial of the motion for reconsideration, the chancellor allowed Jim to make a proffer regarding his changed circumstances. Jim proffered evidence that he no longer had an ownership interest in the automobile dealership, that he had no assets, and that his monthly living expenses exceeded his income by more than $1,100. He also alleged that his son was now living with him, and that his daughter had lived with him for eighteen months, though she currently lived with her mother.

4

¶10.    Aggrieved by the chancellor's denial of his motion for reconsideration, Jim appeals, arguing that the chancellor erred by failing to conduct an evidentiary hearing on remand to consider changes since the 2004 judgment.

**Discussion**

¶11.    This Court employs a limited standard of review in domestic relations cases; that is, we will not reverse a chancellor's findings "unless the chancellor was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *Phillips v. Phillips*, 904 So. 2d 999, 1001 (Miss. 2004).  As always, questions of law are reviewed de novo.  *Woodell v. Parker*, 860 So. 2d 781, 785 (Miss. 2003).

¶12.    It is noted at the outset that Rhonda has not filed a brief.  The Court may consider her default as a confession of error and reverse the judgment below.  *See McBride v. Jones*, 803 So. 2d 1168, 1169-70 (Miss. 2002) (citing *May v. May*, 297 So. 2d 912, 913 (Miss. 1974)). *See also* M.R.A.P. 31(d) ("An appellee who fails to file a brief will not be heard at oral argument except by permission of the court.").  However, in matters of child custody and support, or where resolution of the matter "affects the economic balance between the non-custodial and the custodial parent," this Court will "make a special effort to review the record for support for affirmance."  *Barber v. Barber*, 608 So. 2d 1338, 1340 (Miss. 1992) (citing *Sparkman v. Sparkman*, 441 So. 2d 161 (Miss. 1983); *Garceau v. Roberts*, 363 So. 2d 249 (Miss. 1979)).

¶13.    However, consistent with this Court's instructions set out in *Yelverton I*, we hold that the chancellor shall conduct an evidentiary hearing to determine the following: (1) the value of marital assets, including the value of Jim's interest in Yelverton Imports (marital assets

5

shall be valued at a time no later than the date of divorce, and shall be based on evidence presented at the remand hearing); (2) the amount of periodic alimony and child support due up until the time of the remand hearing, which shall be determined based on circumstances that have occurred up until the time of the remand hearing; and (3) the amount of periodic alimony and child support going forward from the time of the remand hearing, which shall be determined based on the circumstances existing at the time of the remand hearing.

¶14.    **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR.  CHANDLER, J., NOT PARTICIPATING.**