420 So.2d 1072 (1982)
Richard E. MOONEYHAM
v.
June Chandler MOONEYHAM.
No. 53845.
Supreme Court of Mississippi.
October 27, 1982.
Billy R. Gibson, Bay St. Louis, for appellant.
Lawrence E. Chandler, Calhoun City, for appellee.
Before SUGG, P.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant and appellee were divorced by a decree of the Chancery Court of Calhoun County dated August 20, 1977. Under the terms of the decree, appellee was awarded the custody of the minor child of the parties subject to visitation by appellant. The decree further ordered that appellant pay to appellee the sum of $150 per month toward the support of the minor child. These payments were made regularly and promptly by appellant to the Chancery Clerk of Calhoun County until November 1979, at which time they were reduced to $15.30 per month. The admitted reason for this reduction was that appellee had begun receiving directly from the Social Security Administration the sum of $135.70 per month, representing the minor child's social security payments under the prior earnings of appellant.
It is admitted that appellant prior to the divorce was totally disabled. At the time *1073 of the divorce appellant was receiving $77 per month as social security payments to the minor child. In 1979 appellee filed for and began receiving the minor child's social security payments rather than being mailed to appellant as previously had been done. When these payments started coming directly to appellee each monthly check was in the sum of $135.70. The appellant, without securing a court order, reduced the payments to the difference between the social security payments and the monthly payments ordered by the court in the divorce decree.
At the time of the hearing of this cause on August 13, 1981, the minor child's social security payments had been increased to the monthly sum of $220 and were still being paid directly to appellee for the child's support.
In its decree in this cause, the chancellor found that appellant was not relieved from a personal payment of $150 each month, even though from the time of the original divorce decree, the child was receiving support payments from the Social Security Administration, as set out above. As stated, the social security payments were a direct result of the earnings and payments to the Social Security Administration through appellant's employment prior to his total disability.
The chancellor in his decree ordered that appellant pay to appellee the sum of $3,532.80 representing a net of $150 per month from the date of the original divorce decree until the decree appealed here.
The chancellor further ordered that the child support payments be increased to the sum of $220 per month, which was the amount of the monthly social security support payments at the time of the hearing and also ordered that any further increase in these payments be regarded as child support payments on behalf of appellant.
The questions involved in the appeal here are: (1) whether or not the chancellor was correct in rendering a decree against appellant for the lump sum back payments of $150 per month, and (2) whether or not the chancellor was correct in holding without a petition thereon to increase the child support payments to the monthly social security payments and substituting those payments for any funds required to be paid by appellant. The chancellor also held that the child support payments would be increased as the social security payments were increased.
In deference to the chancellor, the questions presented in the cause were not properly briefed by either party. Sometimes, it is necessary for this Court to brief an appeal after it is presented to this Court. This occurred here. No cases or authorities in point were presented either to the chancellor or this Court.
We find that the questions involved in this appeal have not been previously presented to this Court and there are no Mississippi authorities. We do find, however, that the question has been presented in other states. They appear to be unanimous in holding that the social security payments to the minor under the facts related above should be credited on the amount of support ordered by the court. As stated, at the time of the original decree, appellant was receiving the sum of $77 each month. He paid the required $150 per month support payments to appellee regularly. After appellee applied for and began receiving the check direct, appellant's obligation was to see that appellee secured the total amount ordered by the lower court in the original divorce decree. In the case of Mask v. Mask, 95 N.M. 229, 620 P.2d 883 (1980), the Supreme Court of New Mexico in authorizing the social security payments to be credited against the court's order stated:
Plaintiff argues that allowing the defendant credit toward his support obligation for the social security payments is a modification of a vested and accrued obligation. Generally a court cannot retroactively modify a support order that has accrued and become vested. Gomez v. Gomez, 92 N.M. 310, 587 P.2d 963 (1978). However, proceeding and so equitable *1074 principles are applicable. Corliss v. Corliss, 89 N.M. 235, 549 P.2d 1070 (1976). Also, in a proceeding for the enforcement of a support order, any valid defense against payment may be raised. Headley v. Headley, 277 Ala. 464, 172 So.2d 29 (1964), including the defense of payment from some other source, Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (1976).
We affirm the trial court in holding that the defendant may receive a credit against his support obligation, but only up to the amount of that obligation ($50.00), for each month after the child began receiving the benefits. It would be inequitable to rule otherwise, as stated in Andler v. Andler, 217 Kan. 538, 538 P.2d 649, 654 (1975):
[W]here the father who has been ordered to make child support payments becomes totally and permanently disabled, and unconditional Social Security payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree. The father is entitled to credit, however, only up to the extent of his obligation for monthly payments of child support, but not exceeding it.
The Alabama Court of Civil Appeals in Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726 (1976), said as follows:
An order of support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree.
In Horton v. Horton, 219 Ga. 177, 132 S.E.2d 200, the Supreme Court of Georgia said as follows:
"Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301, et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, Social Security disability benefits should not be credited."
Other cases reaching the same conclusion are Cash v. Cash, 234 Ark. 603, 353 S.W.2d 348; Kipping v. Kipping, 186 Tenn. 247, 209 S.W.2d 27; Hopwood v. Hopwood, 169 Neb. 760, 100 N.W.2d 833; Cohen v. Murphy, 368 Mass. 144, 330 N.E.2d 473; Andler v. Andler, 217 Kan. 538, 538 P.2d 649. We are in agreement with the above authorities. The rule expresses the intent of Headley v. Headley, supra, and is not contrary to the law of this state that decrees for alimony and support may not be modified retrospectively. Armstrong v. Green, supra.
We, therefore, see that at least eight jurisdictions have reached the same conclusion. In our opinion the reasoning of those jurisdictions is proper and we follow those recommendations. We, therefore, are of the opinion that the lower court was in error in rendering the lump sum decree against appellant. The cause should be reversed as to that action.
As to the second point raised, we find that the lower court was fully authorized as a court of equity to decree that the monthly social security check of $220 be continued as child support payments received by appellee through the work product of appellant. Also, we see nothing objectionable to holding that any increase in *1075 the monthly social security disability payments would automatically increase the application of those payments toward child support. This does not prevent either party on a proper change of circumstances, to petition the court for further orders.
We, therefore, reverse the order of the final decree granting appellee a lump sum money decree against appellant and render here by holding that this part of the decree is void. All other orders of the lower court in the decree are affirmed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.