561 So.2d 1034 (1990)
Dewey Dean BRADLEY
v.
Edna Pearl Bradley HOLMES.
No. 07-CA-58953.
Supreme Court of Mississippi.
April 18, 1990.
*1035 Jack Parsons, Parsons & Taylor, Wiggins, for appellant.
Charles H. Burhorn, Leakesville, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
In July of 1972, Dewey Dean Bradley and Edna Pearl Bradley were divorced. The appellant, Dewey Bradley, under the divorce decree, was obligated to pay Edna $20.00 per week in child support.
Dewey retired and has been receiving social security since April of 1986. He requested Edna to file for social security benefits for the minor child upon his retirement. She refused because the child was receiving higher social security payments based on her step-father's retirement. The child was eligible for only one of the social security payments; therefore, the highest amount was elected. The minor's social security benefits from her step-father were $363.00 per month. If Edna would have filed for social security based on Dewey's retirement, the payments would have been somewhere between $160.00 and $240.00. per month, more than twice the child support obligation of $20.00 per week.
After retiring, Dewey, on May 25, 1986, petitioned the Chancery Court of Greene County for modification/termination of his child support obligation. He charged that the court should relieve him of the obligation of providing child support because Edna elected social security benefits for the minor child from the step-father rather than Dewey. He asserted that social security payments to which the child was entitled should stand in lieu of the child support.
Chancellor Kenneth B. Robertson ruled that Dewey's duty of support was not terminated. Dewey was ordered to pay child support arrearage of $880.00, to be paid $5.00 per week, in addition to the $20.00 per week child support.

DID THE FAILURE OF THE MINOR CHILD TO DRAW AVAILABLE SOCIAL SECURITY BENEFITS, TO WHICH THE CHILD IS ENTITLED AS A RESULT OF DEWEY'S RETIREMENT, EXTINGUISH DEWEY'S OBLIGATION TO PAY CHILD SUPPORT?
The Social Security Act accords minor children the right to payments from the Administration based on a parent's retirement, until the child reaches eighteen years of age. The retiree's social security payments are not affected by payments made to their children. Social Security benefits received by the mother for the benefit of a minor child under the Social Security Act are considered an alternative source of payment that satisfies child support and should be credited toward that obligation. Mooneyham v. Mooneyham, 420 So.2d 1072 (Miss. 1972).
The Social Security Administration provides a minor child with the option of receiving payments from a retired step-father in lieu of payments from a retired father.
Here, benefits based on the step-father's retirement were elected because the payments to the minor child were considerably higher. Consequently, Dewey's minor child was not receiving payments as a direct result of the earnings and payments to the Administration through his prior employment.
The issue presented is whether Dewey's child support obligations should be credited for social security benefits the minor child was entitled to receive based on his retirement, even when social security benefits were elected based on the step-father's retirement.
*1036 Dewey's argument is that Edna should be estopped from collecting child support from him because she elected to receive the higher benefits from her second husband's social security benefits.
We agree. Equity suggests that child support obligations are to be off-set, not only to the extent of payments actually received under the Social Security Act, but also for payments the child was entitled to receive, based on the parent's retirement. Harris v. Kemp, 451 So.2d 1362 (Miss. 1984).
The social security benefits available to the child were estimated to have been between $160.00 and $240.00 per month. These benefits to which the child was entitled, we hold, stand in lieu of his $80.00 child support obligation; therefore, his liability has been effectively extinguished. The order of the Chancery Court is reversed and judgment rendered here for appellant.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.