# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00869-SCT

*MICHAEL McBRIDE*

*v.*

*DIANE McBRIDE JONES*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/29/2000 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAWN H. NEWMAN |
| ATTORNEY FOR APPELLEE: | PRO SE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 01/10/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/31/2002 |

**BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Diane Clark (Diane) married James Michael McBride (Mike) and had a child, B.M., shortly thereafter. Diane and Mike divorced. Mike paid child support on B.M.'s behalf for approximately fifteen years in the belief that he was the child's father. A paternity test later revealed that Mike is not the father of B.M. Consequently, the chancellor ordered that Mike was not the father of B.M. and that child support payments on her behalf were to cease immediately. Mike then sought reimbursement from Diane for the child support payments he had paid on behalf of B.M. in the past. The chancellor refused to allow Mike a judgment against Diane for the past child support payments. Mike subsequently filed a timely appeal citing the following issue for consideration by this Court:

> **I. WHETHER THE CHANCELLOR ERRED IN REFUSING TO ENTER A JUDGMENT AGAINST DIANE FOR THE CHILD SUPPORT PAYMENTS MIKE MADE ON BEHALF OF B.M.**

## FACTS

¶2. In early 1980, Diane and Mike began a personal relationship. Soon after they began the relationship, Diane became pregnant and told Mike and his parents that the child was Mike's. Diane and Mike married in April 1980 and separated in July 1980. The child was born in November 1980. Diane filed for and was granted a divorce on the ground of habitual cruel and inhuman treatment in October 1981. At that point, Mike began paying child support for B.M. In 1982, Diane had another child and a subsequent paternity test, performed in 1985, proved Mike to be the second child's father. Accordingly, he also began paying

child support on that child's behalf.

¶3. In 1994, Mike became disabled and, in 1996, he began collecting social security disability benefits. In May of 1997, Diane filed for and began receiving social security benefits on behalf of her two children due to Mike's disability.

¶4. In October 1997, Mike instituted an action against Diane requesting a paternity test as to B.M. and a modification of support. Diane testified that she was not certain who the father of B.M. was, but she felt in her heart that it was Mike. In May 1998, the results of the paternity test revealed that Mike is not the father of B.M. Mike then filed a motion seeking to modify support and reimbursement of child support, insurance premiums, and medical and dental expenses he paid on behalf of B.M. Accordingly, the chancellor ruled that Mike is not the father of B.M. and does not have to make any further child support payments for B.M. However, the chancellor also ruled that Mike is not entitled to reimbursement for the child support he had already provided finding that "the money is the child's money. It becomes due every month as a judgment. The law will not allow me to go back behind that judgment as far as for that child. The child is not actually a party to the situation. He's (Mike) suing her (Diane); she's (Diane) suing him (Mike)."

## DISCUSSION

¶5. Appellee Diane McBride Jones did not file a brief. We have two options in this situation. The first alternative is to take the appellee's failure to file a brief as a confession of error and reverse. This should be done when the record is complicated or of large volume and "the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error." *May v. May*, 297 So.2d 912, 913 (Miss. 1974). The second alternative is to disregard the appellee's error and affirm. This alternative should be used when the record can be conveniently examined and such examination reveals a "sound and unmistakable basis or ground upon which the judgment may be safely affirmed." *Id* at 913 (Citing *W.T. Raleigh & Co. v. Armstrong,* 165 Miss. 381, 382, 140 So. 527, 528 (1932)).

¶6. Because appellant has not made out an apparent case of error and the basis for the chancellor's decision is sound, we affirm and discuss the merits of the case below.

## STANDARD OF REVIEW

¶7. "This Court will not disturb the chancellor's opinion when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *Holloman v. Holloman*, 691 So. 2d 897, 898 (Miss. 1996).

### I. WHETHER THE CHANCELLOR ERRED IN REFUSING TO ENTER A JUDGMENT AGAINST DIANE FOR THE CHILD SUPPORT PAYMENTS MIKE MADE ON BEHALF OF B.M.

¶8. Mike argues that he was the victim of fraud and justice requires that Diane reimburse him for the financial support he mistakenly provided for B.M. The chancellor found that child support payments which have already become due are for the benefit of the child and cannot be forgiven. In support of his position, the chancellor relied on an unpublished opinion by this Court, *Morton v. Anseman*, 696 So.2d 1069 (Miss. 1997)(table).

¶9. In [*Morton*] so doing, the chancellor relied on a long line of cases holding that child support is for the benefit of the child and that past-due child support payments cannot be modified or forgiven by any court because the parent's obligation of child support vests in the child when the payment becomes due. *See Williams v. Rembert*, 654 So.2d. 26 (Miss. 1995); *Thurman v. Thurman*, 559 So.2d1014, 1016 (Miss. 1990); *Alexander v. Alexander*, 494 So.2d 365, 368 (Miss. 1986).

¶10. The chancellor was correct in holding that Mike cannot recover the child support payments he made on B.M.'s behalf from Diane, as child support payments are for the benefit of the child and not the mother. Although the dissent asserts that affirming the chancellor will result in a wrong without a redress, that is not the case. McBride can now seek reimbursement for the child support he paid on B.M.'s behalf from B.M.'s natural father. In *R.E. v. C.E.W.*, 752 So.2d 1019 (Miss. 2000), we held that the natural father was liable to the mother and her former husband for reimbursement of child support and other incurred expenses. Clearly, the party McBride should sue for reimbursement is the natural father, not the recipient of the support. .McBride could elect to sue the natural father for reimbursement or pursue a possible claim against the natural mother for fraud He is not without recourse. Accordingly, we affirm.

## CONCLUSION

¶11. The chancellor was correct in finding that Diane is not liable to Mike for the child support payments he made on B.M.'s behalf. Whether Mike was the victim of fraud is irrelevant in this case. Child support payments are for the benefit of the child and cannot be recovered from the mother even when paternity is disproved. Therefore, we affirm.

¶12. **AFFIRMED.**

> **PITTMAN, C.J., SMITH, P.J., WALLER AND COBB, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY AND CARLSON, JJ.**

> **McRAE, PRESIDING JUSTICE, DISSENTING:**

¶13. I respectfully dissent. While the welfare of B.M is paramount, I cannot agree to let such an injustice be done. Diane perpetrated a fraud on the court and her ex-husband. She should be held accountable. The chancellor was in error in holding that he cannot reimburse Mike for support paid for a child that is not his. The judgment ordering Mike to pay child support was made on the premise that Mike was the child's father. The money was paid to the mother as the natural guardian of the child, and she used the money for the child's benefit. Mike should be able to collect what was paid, otherwise, there is a wrong without a remedy and our Constitution does not allow it. Miss. Const. Art. 3, § 24. I would reverse and remand this case to allow reimbursement of the child support payments paid to Diane for the benefit of B.M.

¶14. The chancellor holds that "the Court has no authority to allow reimbursement of child support in this matter" relying upon case law which holds that past-due child support payments cannot be modified or forgiven because the obligation vests in the child when the payment becomes due. *Morton v. Anseman*, No. 94-CA-01005-SCT (unpublished opinion) (*citing Williams v. Rembert*, 654 So. 2d 26, 29 (Miss. 1995) (citation omitted)). In the case at bar, Mike is not asking for modification or forgiveness of past-due payments. All child support payments he made to Diane were timely. Instead, he is asking for reimbursement for payments made on an obligation that was never his. The aforementioned case law is not

applicable to this case.

¶15. The chancellor states and the majority cites case law which states that child support payments are made to the custodial parent for the benefit of the child, and that the child support benefits belong to the child. However, they overlook our clarification of the latter proposition. In ***McGilberry v. State***, 741 So. 2d 894, 915 (Miss. 1999), we held that support benefits belong to the child only in the context of determining who may compel an accounting from the custodial parent receiving the benefits. We have never said that a child can take child support checks for his own use. ***Id.*** Therefore, it is irrelevant that Mike is suing Diane for reimbursement without naming B.M. as a party to the suit. Is the chancellor suggesting that Mike should have sued B.M. for reimbursement of the child support? Diane was the recipient of the payments; and therefore, the suit was properly brought against her.

¶16. Further, the chancellor is wrong in his stance that "[t]he law will not allow [him] to go back behind [the] judgment" which originally ordered Mike to pay child support for B.M. to Diane. We have allowed reimbursement of child support in other cases which had similar judgments in place. In ***Mosley v. Mosley***, 784 So. 2d 901, 905 (Miss. 2001), we allowed the natural father to seek reimbursement of child support paid to the natural mother when the child resided with a third party, and not the custodial parent. In ***R.E. v. C.E.W.,*** 752 So. 2d 1019 (Miss. 2000), the natural mother and putative father provided support for the child who was born during their marriage but was later determined to be the natural child of R.E. We held R.E. to be liable for some past child support and medical expenses incurred by the natural mother and the putative father and ordered R.E. to reimburse them for said support and expenses. Also, in ***Ligon v. Ligon***, 743 So. 2d 404, 408 (Miss. Ct. App. 1999), the mother was ordered to reimburse the father for child support paid to the mother after their daughter was emancipated. In each case mentioned above the respective chancery court issued a decree ordering payment of child support; we allowed reimbursement of certain support payments made in accordance with said judgments. I can think of no reason that we should not do the same for Mike, especially in light of the fraud perpetrated upon him by Diane.

¶17. The chancellor rules that since Mike is not the father of B.M. he did not have to make future child support payments. By the same token, Mike should be reimbursed for the support payments he did make. Mike was led to believe he was the natural father of B.M. and, upon that belief, was tricked by Diane into marriage. Upon their divorce he was later ordered to take the legal responsibility of providing child support for a child he did not father. Our Constitution does not allow a wrong without a redress, which is precisely what the chancellor allows in failing to order reimbursement for child support payments made by Mike to Diane on B.M.'s behalf.

¶18. For these reasons, I respectfully dissent.

**EASLEY AND CARLSON, JJ., JOIN THIS OPINION.**