982 So.2d 1033 (2008)
Jackie KEITH, Appellant
v.
Deanna PURVIS, Appellee.
No. 2007-CA-00495-COA.
Court of Appeals of Mississippi.
May 27, 2008.
*1034 Deborah J. Gambrell, attorney for appellant.
Robert R. Marshall, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Jackie Keith (Keith) appeals the March 2, 2007, order of the Forrest County Chancery Court, denying him reimbursement for child support payments made during a twenty-two-month period, for which his minor child subsequently received *1035 a lump-sum award of social security disability benefits. The order also refused to grant Keith credit for any amount by which the disability benefits exceed his monthly child support obligation.
¶ 2. Keith appeals and argues (1) that he is entitled to offset the monthly disability benefits against his child support obligations and (2) that he is entitled to credit excess disability benefits against his future child support obligations or, alternatively, to reimbursement for overpayment of his child support obligations. For the reasons explained below, we find no error and affirm.

FACTS
¶ 3. On December 15, 2000, the Chancery Court of Forrest County entered a judgment of paternity that determined Keith to be the natural father of Jade Danielle Purvis (Jade), born February 10, 1993, to Deanna Purvis (Purvis). By the same judgment, Keith was ordered to pay child support in the amount of $350 per month. In 2001, Keith suffered a stroke. In 2004, Keith and Jade, on Keith's behalf, became eligible for social security disability benefits. In September 2006, Jade received a lump-sum payment in the amount of $20,164 as back-payment of disability benefits. According to the parties' appellate briefs, this check represented disability benefits for the preceding twenty-two months. Thereafter, Jade received monthly disability benefits in the amount of $900.40.
¶ 4. Keith faithfully met his child support obligations until August 2006, when he ceased making payments upon learning that Jade was receiving disability benefits. On November 29, 2006, Keith filed a petition to modify judgment, requesting the court to (1) order Purvis to reimburse him for overpayment of child support in the amount of $7,836.50[1] and (2) order that the monthly disability benefits in the amount of $900.40 be accepted in lieu of his court-ordered child support obligation of $350 per month. Alternatively, Keith sought to credit any amount by which disability benefits received by Jade exceeded his support obligations against future child support obligations that would accrue when Jade reaches the age of eighteen and social security benefits cease.
¶ 5. On March 2, 2007, the chancellor found that Keith had met all of his obligations under the original support decree and entered the following order:
IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff, Jackie Keith is not entitled to retroactive credit or reimbursement for sums tendered to the minor by the Social Security Administration by virtue of the disability of Jackie Keith, nor can the court grant him credit for sums that will accrue over and above the ordered support of $350 per month as set forth in the 2000 Judgment of Paternity.
Aggrieved by the chancellor's judgment, Keith now appeals.

STANDARD OF REVIEW
¶ 6. Our review in matters of domestic relations is limited. Funderburk v. Funderburk, 909 So.2d 1241, 1243(¶ 3) (Miss.Ct.App.2005). "This Court will not disturb the chancellor's opinion when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Holloman *1036 v. Holloman, 691 So.2d 897, 898 (Miss.1996) (citations omitted).

DISCUSSION
I. Whether Keith is entitled to offset the ongoing monthly disability benefits against his child support obligations.
¶ 7. Keith first claims that the chancellor erred by failing to expressly order that he is entitled to offset the ongoing monthly disability benefits against his monthly child support obligation. Purvis does not contest this issue. Rather, she states in her appellate brief that Keith is clearly entitled to substitute the ongoing monthly disability benefits for his court-ordered child support obligation.
¶ 8. It is beyond dispute that Keith is entitled to offset the monthly disability benefits Jade receives against his monthly support obligation. Mississippi law is clear that social security benefits received by a minor child based on a non-custodial parent's retirement or disability are an alternate source of satisfying court-ordered child support obligations and are credited toward the discharge of those obligations. Bradley v. Holmes, 561 So.2d 1034, 1035 (Miss.1990) (social security retirement benefits); Mooneyham v. Mooneyham, 420 So.2d 1072, 1074-75 (Miss. 1982) (social security disability benefits). While the chancellor's order could have been more clearly worded, we find that Keith was not denied the right to offset the monthly disability benefits against his monthly support obligation. Rather, the order stated that Keith was not entitled to credit "for sums that will accrue over and above the ordered support of $350.00 per month as set forth in the 2000 Judgment of Paternity." Therefore, we find that the chancellor simply determined that Keith was entitled to offset the ongoing disability benefits against his monthly child support obligations up to, but not exceeding, the amount of his court-ordered obligation, which under the chancellor's order remains at $350 per month.
¶ 9. Because the amount of monthly disability benefits Jade receives ($900.40) exceeds the amount of Keith's monthly court-ordered support obligation ($350), the monthly disability benefits, as an alternative source of payment, completely satisfy Keith's monthly support obligation and will continue to do so unless or until the disability benefits cease or fall below the amount of Keith's monthly support obligation. Keith was not denied the relief he seeks under this assignment of error. Therefore, this issue is without merit.
II. Whether Keith is entitled to credit excess disability benefits against future child support obligations or, alternatively, to reimbursement for overpayment of his child support obligations.
¶ 10. From the outset we note that Keith has no child support arrearage. Instead, Keith's monthly child support obligation has been satisfied each month since the original support decree, whether through his payment of $350, Jade's receipt of disability benefits, or both. We commend Keith for faithfully meeting his obligations. However, for the reasons explained below, we find that Keith is entitled neither to credit any excess amounts against future support obligations nor to reimbursement for overpayment of his support obligations.
1. Excess as a Credit Against Future Support Obligations
¶ 11. Keith argues that he is entitled to credit any amounts by which the monthly disability benefits received by Jade exceed his monthly support obligation against future support obligations *1037 arising after Jade reaches the age of eighteen and social security benefits cease. We disagree.
¶ 12. Social security benefits may be credited against a non-custodial parent's support obligation up to the amount of the support obligation. See Mooneyham, 420 So.2d at 1074 (quoting Mask v. Mask, 95 N.M. 229, 620 P.2d 883, 885 (1980)). Social security benefits, to the extent that they exceed a non-custodial parent's monthly support obligation, are equitably deemed a gratuity to the child. Mask, 620 P.2d at 886 (citing McClaskey v. McClaskey, 543 S.W.2d 832, 834-35 (Mo. Ct.App.1976)). Other jurisdictions are in accord. See, e.g., Bowden v. Bowden, 426 So.2d 448, 450 (Ala.Civ.App.1983); Childerson v. Hess, 198 Ill.App.3d 395, 144 Ill. Dec. 551, 555 N.E.2d 1070, 1073 (5th Dist. 1990); Newman v. Newman, 451 N.W.2d 843, 844-45 (Iowa 1990); Andler v. Andler, 217 Kan. 538, 538 P.2d 649, 654 (1975); Casper v. Casper, 593 N.W.2d 709, 713 (Minn.Ct.App.1999); In re Marriage of Cowan, 279 Mont. 491, 928 P.2d 214, 221-22 (1996); Children and Youth Servs. v. Chorgo, 341 Pa.Super. 512, 491 A.2d 1374, 1379-80 (1985).
¶ 13. Several courts that have specifically considered the mechanics of applying credit for a lump-sum payment of retroactive disability benefits adhere to the general rule that social security benefits may be credited against support obligations only for the period in which the benefits are actually received. See, e.g., Newman, 451 N.W.2d at 844-45 ("[A]ny broader application would amount to `an irregular variance of the terms of the decree.'") (quoting Potts v. Potts, 240 N.W.2d 680, 682 (Iowa 1976)); McClaskey, 543 S.W.2d at 835; Chorgo, 491 A.2d at 1378-80. As identified by the court in Newman, this rule is based "on the importance of meeting the current needs of children, thereby protecting their right to regular and uninterrupted support." Newman, 451 N.W.2d at 844 (citing Potts, 240 N.W.2d at 682); see also McClaskey, 543 S.W.2d at 835 ("[A] child's need for food, clothing, lodging and other necessary expenses is current  today, this week, this month  and the expectation of a future payment does not meet those needs."). To hold otherwise would create an incentive for a non-custodial parent to withhold support payments in the hope or expectation that a future receipt of disability benefits by the child would later satisfy those obligations. See Newman, 451 N.W.2d at 844 (citing McClaskey, 543 S.W.2d at 835).
¶ 14. We find the basis of these decisions sound and adopt their reasoning. In the instant case, Keith paid his monthly support obligation of $350 directly to Purvis through September 2006  the month in which Jade received the lump-sum award of retroactive disability benefits. While the lump-sum payment represented disability benefits for the previous twenty-two months, this payment was not received by Jade until the end of the period, i.e., September 2006. In this situation, equitable considerations compel that as between the parties, the windfall should inure to Jade; the excess is considered a gratuity.[2]
*1038 ¶ 15. Keith ceased making payments in August 2006; thus, he availed himself of the offset to which he was entitled. Because the amount of monthly disability benefits Jade received exceeds the amount of Keith's monthly support obligation, his obligation has continuously been satisfied and will continue to be satisfied, albeit in excess amounts, unless or until disability benefits cease or fall below the amount of Keith's court-ordered support obligation. The excess properly belongs to Jade as a gratuity, not to Keith as an accumulated credit to be applied against future child support obligations accruing when Jade reaches the age of eighteen. At that time, Jade's receipt of monthly disability benefits will cease; however, her monthly needs will continue, as will Keith's monthly support obligation. Both must be timely satisfied until Keith's support obligation terminates.
¶ 16. Accordingly, we find that Keith is not entitled to credit excess disability benefits against future child support obligations arising beyond the period in which the disability benefits are received. This issue is without merit.
2. Reimbursement for Overpayment
¶ 17. Keith also argues that the chancellor erred in refusing to order Purvis to reimburse him $7,836.50 as overpayment of his child support obligations because he paid his monthly support obligation of $350 each month during the twenty-two-month period also covered by the lump-sum award of retroactive disability benefits later received by Jade. Purvis argues that Keith is not entitled to any relief for overpayment because there is no authority to forgive child support payments once vested. McBride v. Jones, 803 So.2d 1168, 1170 (¶¶ 7-10) (Miss.2002); Dep't of Human Servs. ex rel. Adams v. Rains, 626 So.2d 136, 138 (Miss.1993).
¶ 18. While Keith's claim for reimbursement differs to some degree from his claim for credit, both claims are based on Jade's receipt of disability benefits, which resulted in an "overpayment" (according to Keith) of his monthly support obligations. As previously determined, Keith is entitled to credit the disability benefits received by Jade against his support obligation only for the period in which Jade actually received (or receives) these benefits  commencing with Jade's receipt of the lump-sum payment in September 2006. Thus, as stated above, Keith is not entitled to credit for the twenty-two months represented by the lump-sum payment. It follows, in our opinion, that Keith is likewise not entitled to reimbursement.
¶ 19. Because Keith is not entitled to a credit, his claim for reimbursement is essentially a claim of unjust enrichment. However, we find that Keith has not "overpaid" his support obligation, in that, the disability benefits Jade received from the Social Security Administration never belonged to Keith. On this point, the court in Mask authoritatively stated as follows in determining that social security benefits received by a child belong to the child and not the non-custodial parent:
The Social Security Act, Title 42, U.S.Code, Section 401 et seq., provides that every dependent child of an individual who is entitled to Social Security benefits shall be entitled to a child's insurance benefit. . . . We determine from this that the benefit inures directly to the child, notwithstanding the prerequisite status of the parent. No indices of the father's ownership ever attached to these funds.
Mask, 620 P.2d at 886 (quoting Fuller v. Fuller, 49 Ohio App.2d 223, 360 N.E.2d 357, 358 (1976)). Because the excess money received by Jade did not belong to Keith, we fail to see how he can prevail on *1039 the theory of unjust enrichment. Moreover, to support such a theory would encourage non-custodial parents who apply for disability benefits to suspend child support obligations during the pendency of their application for such benefits, thus leaving the child without support until the benefits are actually received. Such a result is clearly against the policy of meeting the child's current needs through the receipt of regular uninterrupted child support payments.
¶ 20. As Purvis correctly notes, it is well settled that child support is for the benefit of the child and may not be modified or forgiven once vested. Houck v. Ousterhout, 861 So.2d 1000, 1002(¶ 9) (Miss.2003) (citations omitted). Based largely on this premise, our supreme court in McBride affirmed a chancellor's finding that a husband was not entitled to reimbursement for child support payments made for fifteen years under the mistaken belief that he was the child's natural father. McBride, 803 So.2d at 1170 (¶¶ 7-10). While McBride is but roughly analogous to the facts of the instant case, we nevertheless find the thrust of McBride applicable to the situation at hand, as it stands for the proposition that a non-custodial parent is not entitled to reimbursement from a custodial parent for child support payments that have vested in the minor child and have been paid pursuant to valid court order. Id.
¶ 21. Since the December 2000 support decree, Keith was obligated to ensure that Jade received timely payment of $350 in child support each month. In turn, Jade was entitled to look to Keith each month for timely payment in order to meet her current needs. For each of the twenty-two months preceding Jade's receipt of the lump-sum disability benefits, the court-ordered support payments vested and were paid; consequently, these sums belonged to Jade. To allow Keith reimbursement for these sums would be the functional equivalent of retroactively negating his obligation to pay them. Reimbursement would also encourage non-custodial parents to suspend payment while awaiting the receipt of social security benefits. Absent proof that Purvis utilized these funds for her own benefit, an inequitable result would be obtained if Purvis was now required to return sums long since expended to provide for Jade's needs.
¶ 22. We find that the chancellor did not err in denying Keith reimbursement for support payments made during the twenty-two-month period also covered by the lump-sum payment of retroactive disability benefits subsequently received by Jade.[3] This issue is without merit.

CONCLUSION
¶ 23. In light of the foregoing, we hold that the chancellor did not abuse his discretion and affirm the order entered below. This, of course, does not prevent the parties from petitioning the court for further orders.
¶ 24. THE JUDGMENT OF THE CHANCERY COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS *1040 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. ISHEE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J.
ISHEE, J., Specially Concurring.
¶ 25. While I agree with the majority in theory, and legally in whole, this case presents certain factors that I believe must be addressed. Unlike most fathers that come before this Court, Jackie Keith has remained current in all of his child support obligations. This is probably no small feat, considering his debilitating medical condition. Keith has now received a "windfall" in the amount of $20,164 from his social security claims. Under current Mississippi law, as the majority correctly notes, it is clear that the funds Keith has received as windfall are now the property of his minor child. Those funds, however, will be legally controlled by the child's mother, Deanna Purvis, ostensibly for the "use and benefit" of the minor child.
¶ 26. The idea, however, of turning over an amount in excess of $20,000 to a single parent for the "use and benefit" of a minor child is disturbing, especially since the parent who provided the funds will have no control over how they are used. While I have no reason to doubt that Purvis is a devoted mother intent only on the well-being of her child, I cannot assume that such a favorable circumstance will exist in every case similar to this one that is brought before the Court. Therefore, I examine this case in the context of providing a policy that serves the best interest of the child even when circumstances are not as favorable as we find here.
¶ 27. If Keith had earned the $20,000 on his own, decisions on how and when the money should be spent would be his to make, with no interference from the government. However, in the case at bar, the parties have brought the courts into their lives by choosing to have a child out of wedlock and by receiving government assistance to compensate for Keith's medical disability. The government, therefore, has a vested interest in seeing that the money is indeed used in a way that serves the best interest of Keith and Purvis's minor child.
¶ 28. With the ever-rising cost of education and medical care, it would be prudent to invest this money through a guardianship account, for the purpose of paying future education and medical expenses. To do otherwise could invite waste and fraud on the part of the custodial parent, as well as deprive the minor child of the benefits of proper healthcare and a higher education. While at first glance an amount in excess of $20,000 may seem like a large windfall, it can quickly be exhausted. This figure could represent approximately two years enrollment at a public university, or a down-payment on a new home at age twenty-one. It could just as well represent a big-screen television and new entertainment center, purchased for the "benefit" of the child living in the custodial parent's home.
¶ 29. Therefore, while I am in full agreement with the legal conclusion of the majority that the money does belong to the minor child, I disagree with the result reached in that I would place the money in a court-administered guardianship account for safekeeping until the minor child has reached legal majority.
IRVING, J., Concurring in part, dissenting in part.
¶ 30. I agree entirely with the majority's holding in issue number one. I also *1041 agree with the majority's holding in issue number two, subpart one. However, I cannot agree with the majority's resolution of subpart two of issue number two. Therefore, I dissent. I would reverse that portion of the trial court's judgment holding that Jackie Keith is not entitled to credit for the sum of $7,836.50 that he paid prior to the retroactive lump-sum payment of $20,164 by the Social Security Administration. Since social security disability payments paid to a child of a disabled recipient may be substituted for the recipient's child support obligation, I see no reason why Keith should not be reimbursed $7,836.50 from the lump-sum payment by the Social Security Administration. If Keith is not given a credit against or reimbursement out of the lump-sum payment for the amount of child support that he paid prior to the lump-sum payment, the net effect will be that the child will have received double support payments for the time period covered by Keith's payments.
¶ 31. The majority, citing McBride v. Jones, 803 So.2d 1168, 1170 (¶¶ 7-10) (Miss.2002), concludes that "the thrust of McBride [is] applicable to [our case]" and finds that Keith is not entitled to credit or reimbursement because McBride stands for the proposition "that a non-custodial parent is not entitled to reimbursement from a custodial parent for child support payments that have vested in the minor child and have been paid pursuant to a valid court order." I find nothing in McBride that prohibits Keith from being given credit for one of the two child support payments. McBride spoke to a situation where a non-custodial putative father sought reimbursement for child support payments made before it was determined that he was not the father of the child. McBride, 803 So.2d at 1169(¶ 4). In McBride, the custodial parent did not receive any support payments from anyone other than the non-custodial parent, who sought reimbursement of those payments after it was determined that he was not the father of the child. If the court had ordered the payments returned, the child would have been robbed of support payments that had vested or accrued pursuant to a valid court order. Unlike the situation in McBride, here the child will not be deprived of the prior, vested support payments if Keith is allowed a credit against the social security lump-sum payment for the amount of the prior support payments. The minor child still keeps the prior support payments. The minor is only prevented from receiving double payments.
¶ 32. The majority, citing Mask v. Mask, 95 N.M. 229, 620 P.2d 883, 886 (1980) (quoting Fuller v. Fuller, 49 Ohio App.2d 223, 360 N.E.2d 357, 358 (1976)), finds that "Keith has not `overpaid' his support obligation, in that, the disability benefits Jade received from the Social Security Administration never belonged to Keith." Presumably the majority's position is that the social security payments automatically vested in the minor child as soon as Keith was awarded disability benefits. I will not argue the point. I simply note that the court-ordered payments, which were timely paid by Keith, also vested in the minor child as they came due. Therefore, it is clear that the minor child has received two sets of support payments for the period of time in question. I cannot believe that the law intends such a purpose. The majority's position that allowing Keith a reimbursement or credit, under the unique circumstances presented here, would retroactively negate his obligation to pay support is, in my view, not logically sound. If the social security payments had been made contemporaneously with the due dates of the court-ordered support payments, it is clear that Keith would not have had to pay the court-ordered *1042 support payments because the amount of the social security payments exceeds his court-ordered support payments.
¶ 33. For the reasons presented, I dissent. I would reverse the judgment and remand this case to the chancellor with directions to grant Keith a judgment against Purvis in the amount of $7,836.50, representing reimbursement for the amount of the double payment of child support benefits.
CHANDLER, J., joins this Opinion.
NOTES
[1] This amount represented court-ordered child support payments of $350 that Keith made during the twenty-two months covered by the $20,164 lump-sum award of disability benefits Jade received as back-payment.
[2] We agree with Judge Ishee's separate opinion that this money should be invested for Jade's benefit to provide for her future needs. Further, we acknowledge that the receipt of a large lump-sum may lead to wasteful dissipation or fraud on the part of a custodial parent. However, the possibility of misuse does not create a presumption that misuse will occur. While Purvis would certainly be wise to invest this money on Jade's behalf, we simply find no authority for the courts of our state to dictate to this extent the manner in which a custodial parent chooses to use child support payments. Such authority would more properly be provided through federal or state legislation than strained judicial interpretation.
[3] Our reliance on McBride is limited to Keith's claim for reimbursement for support payments made directly to Purvis before Jade received the lump-sum disability payment. We acknowledge that the Mississippi Supreme Court has impliedly held that crediting social security benefits against support arrearage does not constitute an impermissible retroactive modification of support. See Mooneyham, 420 So.2d at 1074 (citing Binns v. Maddox, 57 Ala.App. 230, 327 So.2d 726, 728-29 (1976)). However, we find this rule inapplicable to Keith's claim for reimbursement, as he is entitled to credit for social disability benefits only for the period in which Jade actually received them.