IRVING, J.,
CONCURRING:
¶ 32. I agree that the judgment against James Calvin Chapman in the amount of $14,850.85 in favor of Debbie Ward for *800 past-due child support payments should be affirmed even though, at the time of the judgment, Debbie had already received a lump-sum payment from the Social Security Administration for the benefit of the dependent children.[5] I believe that the judgment should be affirmed because James came into court with unclean hands and should not be granted any relief from his child support obligations that accrued prior to Debbie’s receipt of the lump-sum social security payment.
¶ 33. In the judgment of divorce, entered March 12, 2002, nunc pro tunc July 9, 2001, the chancellor ordered James to pay twenty-four percent of his adjusted gross income, with said support due the first month he earns a paycheck. Technically, James never earned a paycheck within the literal meaning of the word. He did, however, receive gross income within the meaning of Mississippi Code Annotated, section 43-19-101 (Rev.2004), because he received substantial workers’ compensation benefits. Section 43-19-101(3)(a) defines gross income to include workers’ compensation benefits. There is no doubt, however, that James knew that he was supposed to pay twenty-four percent of his workers’ compensation benefits to Debbie as child support for the parties’ minor children.
¶ 34. James began receiving the workers’ compensation benefits in October 2002. At that point, the court-ordered child support payments began to accrue. Yet, he paid nothing to Debbie for child support. It is clear from the record that at the time of the divorce, James was not working, presumably due to a work-related injury, and that the parties contemplated that James would soon begin receiving workers’ compensation payments as a result of the injury.
¶ 35. In late 2005, James was found to be disabled by the Social Security Administration. As a result, he received a lump-sum payment. His minor children, who were the subjects of the child support judgment, also received lump-sum payments. Although it is not entirely clear in the record, it appears that these lump-sum payments for the children were not received until sometime in 2006 prior to James’s filing his petition to modify the judgment of divorce. In the petition, he sought a setoff or credit against the children’s lump-sum social security payments for his past-due child support payments that had vested and accrued back in 2002 when he received the workers’ compensation payments.
¶ 36. The chancellor ruled that James was not entitled to a setoff against the lump-sum social security benefits because that was never the intent of the court. Specifically, the chancellor found that “[h]ad any of [the court-ordered child support payments] included social security payments or benefits the Court would not have ordered [James] to pay 24% to [Debbie].”
¶ 37. As I stated in Keith v. Purvis, 982 So.2d 1033, 1041(¶32) (Miss.Ct.App. 2008) (Irving J., concurring in part and dissenting in part), I believe that a custodial parent is not entitled to receive double child support payments, paid either directly by the noncustodial parent to the *801 custodial parent or by the Social Security Administration on behalf of the disabled noncustodial parent. However, I believe that, in this case, James should be required to pay the court-ordered child support payments from the workers’ compensation benefits that he received and that Debbie should be allowed to keep that portion of the lump-sum payment that corresponds with the arrearage of James’s child support obligations. My reasoning, as previously noted, is based on the fact that James came into court with unclean hands. Therefore, he should not have been allowed to invoke the power of the court to aid him until he had complied with his court-ordered child support obligation. I note that Debbie did not affirmatively plead the clean-hands doctrine in the court below. However, she did include a general prayer of relief in her response to James’s petition to modify the original judgment of divorce. Since Debbie asked for general relief in her response, the chancellor could very well have grounded his decision to deny relief to James on the basis that he was in court with unclean hands. I believe it was appropriate to do so. Therefore, on that basis, I would affirm the chancellor’s decision. In other words, I would find that James was required to pay the delinquent child support payments before his prayer for relief from future child support obligations could be considered.
¶ 38. Our facts here are remarkably similar to the facts in Keith except they are in the inverse. In Keith, Jackie Keith was ordered to pay child support to Deanna Purvis. Keith, 982 So.2d at 1035(113). He did so faithfully and timely. Id. at (¶ 4). He later was declared disabled by the Social Security Administration. Id. at (¶ 3). As a result of this disability, his dependent child that was the subject of the child support order received a lump-sum payment that covered the same period of time for which Keith had already paid support. Id. Although I dissented in Keith, this Court held that Keith was not entitled to a credit or setoff against the social security lump-sum payment for the child support payments that he had already paid. Id. at 1036(¶ 10). Part of the rationale for that holding was that the payments had vested and could not be reimbursed. Id. at 1039(¶ 21).
¶ 39. Keith timely paid his child support payments as they became due. In today’s case, James did not. Had James paid his child support obligation when he received his workers’ compensation payments and kept his child support payments current, I would find that he should be given credit for the lump-sum social security payment that Debbie later received. In my judgment, no principle of law enunciated in any of the cases cited by the majority in Keith or in this case prohibits a noncustodial parent from being credited with, or refunded, monthly dependent social security payments that are paid in a lump sum after the noncustodial parent has been adjudged disabled if all vested, court-ordered child support payments have been paid when the social security payments are received. The fact that vested child support payments cannot be forgiven is no impediment to giving a credit or refund because no vested child support payments are being forgiven. They already will have been paid. The issue to be resolved, under those circumstances, is what is the proper disposition or application of lump-sum social security payments that are received by a custodial parent for the benefit of a dependent child of a disabled social security recipient who is under a court order to pay child support but who is current with his court-ordered child support payments when the lump-sum payment from the Social Security Administration is received.
*802 ¶ 40. It is clear that if the social security payment had not been received in lump sum and instead had been received in monthly increments commencing at the same period of time that the monthly court-ordered child support obligation began, the payments could be substituted up to the amount of the court-ordered child support payment in lieu of the disabled social security recipient’s monthly court-ordered child support payment. This being the case, I can see no logical reason why the lump-sum payment cannot be credited or refunded to the disabled recipient on the back-end, provided that all payments which were due on the front-end had been paid when the lump-sum payment was received.
¶ 41. In Keith, the message that is being unwittingly sent to obligators in child support orders is this: if you are a disabled social security recipient expecting a lump-sum social security payment on behalf of your dependent child, you may refuse, with impunity, to pay your court-ordered child support obligation pending receipt of the lump-sum social security payment. The flip side of the above message to a disabled social security recipient who struggles to keep his court-ordered child support payments current while waiting for the social security payments to begin is that you will be punished because you will not be given any credit for the child support payments that you made pending the commencement of the social security payments.
¶ 42. I fully embrace the jurisprudence of this state that obligators in child support orders are required to meet their obligation to make timely payments for the support of their minor children. However, when they have met that obligation and a lump-sum social security payment (representing the aggregate of payments owed from the time of a disabled recipient’s application for benefits to the date of the commencement of monthly payments) is received and the monthly social security payments begin to flow to the recipient’s dependent child, adjustments can be, and should be, made to reimburse the recipient for child support payments already made and to substitute the dependent’s social security payments for the recipient’s future child support payments, up to the amount of the recipient court-ordered support obligation. Resolving the problem in this manner satisfies two equally important interests: (1) the State’s interest in assuring that minor dependents receive adequate and timely support from the parent charged with the responsibility of providing the support, and (2) the right of the child-support obligator to be treated in the same manner as other child-support obli-gators who are given credit for social security payments in lieu of child support payments but provided no lump-sum social security payments to their dependents.
¶ 43. For the reasons presented, I concur in the affirmance of the trial court’s judgment.
CHANDLER, J., JOINS THIS OPINION. CARLTON, J., JOINS THIS OPINION IN PART.

. The lump-sum payment represented the aggregate of monthly dependent payments retroactive to the date of James’s application for disability status. This lump-sum payment was not received until sometime after February 2006, but it was enough to cover the aggregate of dependent monthly payments that had become due under an order for child support entered by the court on March 12, 2002, nunc pro tunc July 9, 2001. Prior to receipt of the lump-sum payment, James had not paid any child support, even though he had received substantial workers’ compensation benefits in October 2002.