BARNES, J.,
DISSENTING:
¶ 44. The majority affirms the chancery court’s decision to deny James a credit against child support arrearages for the sums Debbie received from the Social Security Administration for lump-sum back payments to her minor children because of James’s disability. Believing the majority opinion is contrary to Mooneyham v. Mooneyham, 420 So.2d 1072, 1074 (Miss.1982), I respectfully dissent, as I would reverse and render the chancellor’s decision and grant James a credit for the social security benefits paid to the minor children based on his disability.
¶ 45. James and Debbie were divorced by an entry of judgment of divorce on *803 March 12, 2002, nunc pro tunc July 9, 2001. Debbie was awarded primary physical custody of the four children with the parties being awarded joint legal custody. At the time of the divorce, James was unemployed as a result of a work-related injury and was awaiting a hearing with the Mississippi Workers’ Compensation Commission.
¶ 46. Under the judgment of divorce, James had the following obligation:
That the Husband shall pay child support 24% of his adjusted gross income with said support due the first month he earns a paycheck and continuing on the 1st day of each month until the minor children are emancipated and with the appropriate withholding order entered.
¶ 47. It is undisputed that James has been unemployed since the divorce and has not paid any child support. James received workers’ compensation payments of $16,000, $12,165.92, and $26,250. It is based on these figures that the chancellor ordered James to pay 24% (along with interest) for back child support.
¶ 48. James was determined by the Social Security Administration to be totally disabled. As a result, Debbie received three lump-sum back payments from Social Security for the benefit of the three youngest children. It is unknown whether any benefits were paid for the fourth child who is no longer a minor. Debbie also receives a monthly benefit check from the Social Security Administration for the benefit of the three minor children.
¶ 49. James filed a “Petition to Find Defendant in Contempt and to Modify Judgment of Divorce” on March 9, 2006, in the Chancery Court of Madison County. James sought to have the judgment of divorce modified due to his disability to require that the social security benefits payable for the benefit of the minor children stand in lieu of the past and future child support payments.
¶ 50. Debbie filed an “Answer to Petition to Find Defendant in Contempt and to Modify Judgment of Divorce along with a Counterclaim for Citation of Contempt and Modification” on June 14, 2006. In the counterclaim, Debbie asked the court to find James in contempt for failure to pay child support of 24% of the workers’ compensation benefits along with 24% of any monthly unemployment benefits and/or workers’ compensation benefits.
¶ 51. On August 15, 2006, the court entered its “Opinion and Final Judgment” ordering James to pay Debbie $15,844.26 by September 11, 2006, and relieving James of any further child support obligation due to the receipt of social security benefits by the children based on James’s disability. The court later amended its ruling to correct a calculation error and ordered James to pay $14,840.85 as child support from the workers’ compensation benefits he received.
¶ 52. James argues that he should have been given credit against any arrearage for child support for the Social Security Administration’s award of benefits to the minor children. As this Court recently held in Keith v. Purvis, 982 So.2d 1033, 1036(¶ 8) (Miss.Ct.App.2008) (citations omitted), “Mississippi law is clear that social security benefits received by a minor child based on a non-custodial parent’s retirement or disability are an alternate source of satisfying court-ordered child support obligations and are credited toward the discharge of those obligations.”
¶ 53. While my research indicates that no authority is exactly on point with the facts of this case, I find Mooneyham controlling. In Mooneyham, the Mississippi Supreme Court, after reviewing the decisions of eight other jurisdictions, stated:
Where the father who has been ordered to make child support payments becomes totally and permanently disabled, *804 and unconditional [s]ocial [s]ecurity payments for the benefit of the minor children are paid to the divorced mother, the father is entitled to credit for such payments by the government against his liability for child support under the divorce decree.
Mooneyham, 420 So.2d at 1074 (quoting Andler v. Andler, 217 Kan. 538, 544, 538 P.2d 649, 654 (1975)). The supreme court determined that the chancery court erred in awarding a lump-sum decree against the father for back child support payments where the Social Security Administration had made payments under his prior earnings for the benefit of the minor. Id. at 1074.
¶ 54. In 1992, the supreme court again looked at Mooneyham and stated: “We have held that SSI benefits received by a minor child based on his parent’s disability or retirement are considered an alternative source of payment which should be credited toward satisfaction of child support obligations.” Hammett v. Woods, 602 So.2d 825, 828 (Miss.1992) (citing Bradley v. Holmes, 561 So.2d 1034, 1035 (Miss. 1990); Mooneyham, 420 So.2d at 1073-74). In her treatise on family law, Professor Deborah H. Bell also recognizes that “[e]hild support arrearages are offset by social security or disability benefits paid as a result of the payor’s employment.” Deborah Bell, Bell on Mississippi Family Law, 338 (Nautilus Publishing Co.2006) (citing Hammett, 602 So.2d 825; Mooneyham, 420 So.2d 1072).
¶ 55. The chancery court in its opinion and amended opinion cited Mooneyham and Bradley and stated that the “Mississippi Supreme Court has held that payment of social security benefits for the benefit of the minor children under the Social Security Act are considered an alternative source of payment that satisfies child support and should be credited toward that obligation.” The court, however, did not recognize that this credit also applies to past-due child support. Under the cases cited, I find this to be in error. The majority states that Mooneyham is not a true arrearage ease. I disagree. The only reason the appellant father did not have child support arrearages is because in Mooneyham the supreme court gave retroactive credit to the father for the social security payments when the ap-pellee mother began receiving them directly. In Keith, this Court cited Mooneyham for the proposition that “the Mississippi Supreme Court has impliedly held that crediting social security benefits against support arrearage does not constitute an impermissible retroactive modification of support.” Keith, 982 So.2d at 1039 n. 3 (emphasis added). I find no distinction between the case at bar and Mooneyham. Accordingly, I would reverse and render the chancellor’s decision, and grant James a credit to his child support arrearages for his social security payments made directly to his children, as the Mississippi Supreme Court did in Mooneyham.
KING, C.J., GRIFFIS AND ISHEE, JJ., JOIN THIS OPINION.