# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00302-COA

**TABITHA HILL**                                                                 **APPELLANT**

**v.**

**PINE VIEW APARTMENTS**                                              **APPELLEE**

DATE OF JUDGMENT:                  03/16/2022
TRIAL JUDGE:                              HON. GRADY FRANKLIN TOLLISON III
COURT FROM WHICH APPEALED:   CHICKASAW COUNTY CIRCUIT COURT,
                                                FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       TABITHA HILL (PRO SE)
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                          AFFIRMED - 03/07/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     Tabitha Hill, a tenant at Pine View Apartments, appealed a justice court's eviction

judgment to the Chickasaw County Circuit Court, which conducted a trial de novo.  The

circuit court found in favor of Pine View and affirmed the justice court's judgment.  Hill now

appeals, arguing that her eviction was illegal because Pine View waived its right to evict by

collecting her rent.  Although Pine View did not file a brief in the case, considering the

record before us, we affirm the circuit court's judgment.

## Facts

¶2.     In November 2020, Hill moved into Pine View pursuant to a written lease.  In addition

to paying rent, Hill was obligated under the lease to keep her unit clean, remove garbage and

waste in a clean and safe manner, and not destroy or deface any common area. The terms of the written lease included "House Rules," which Hill (as the tenant) agreed to obey if they were "reasonably related to the safety, care and cleanliness of the building and the safety, comfort and convenience of the Tenants." Hill's lease was renewed in November 2021.

¶3. On January 10, 2022, Pine View gave Hill a written notice that she was in violation of her lease by failing to maintain her unit or stairway in a clean and sanitary condition. Under the "remarks" section of the notice the following was recorded:

> Saying you have Covid to keep [the] manager out did not work today. Your apartment was found unacceptable and roaches running everywhere.

¶4. Pine View filed eviction proceedings in the county's justice court, which issued a judgment evicting Hill on February 3, 2022.[1] Hill appealed the justice court's judgment to the circuit court on February 7, 2022, and posted an appearance bond in the amount of $1,000.

¶5. The circuit court conducted a scheduled bench trial on March 14, 2022.[2] Hill appeared pro se, as did Pine View through its manager Brenda Stallings. Stallings testified that Hill's apartment was unclean and that Hill and three other tenants had to be evicted because of the roach infestation that had developed. Stallings said that the others decided

---

[1] The record contains only the abstract of the justice court judgment and no other documents, such as the eviction complaint, summons, etcetera. However, Hill never challenged the procedural correctness of proceedings in justice court.

[2] On February 28, 2022, Hill filed a motion to continue the circuit court's bench trial that was set for March 14, 2022. Hill argued that she would not be able to retain counsel by the time of trial. On March 2, 2022, the circuit court denied Hill's motion for a continuance, finding that she filed her appeal on February 7, 2022, and that she would have adequate time to secure counsel before the anticipated trial date.

to leave, but Hill did not. Stalling testified that when a person opened the door to Hill's apartment, bugs would fall. This was the third or fourth time, Stalling said, that Hill had been written up for something pertaining to the cleanliness of the unit. Stallings asserted that this condition violated the lease's provision the keep the apartment clean and that the resulting roach infestation endangered the health of other people in the building. The lease and written notice were entered into evidence. Stalling said she gave Hill a thirty-day notice to leave, which she mailed and hand-delivered to Hill.

¶6.     Stallings brought additional lease-violations notices with her to the hearing, but Hill said she never received them. Hill did, however, acknowledge receipt of the January 10, 2022 notice. The others were not entered into evidence. Stalling testified that Pine View sprayed the units every two months, but for the last five consecutive sprayings, Hill claimed that someone had COVID-19 or diarrhea so that no one could enter the apartment. However, the last time, Stallings said she had to enter because "bugs were falling out the door." Stallings admitted that spraying Hill's apartment on January 10, 2022, did help the bug issue "some." But the unit was also unclean with trash, "holes in the walls, and the walls were filthy," which Stalling said also formed the basis for the eviction.

¶7.     Hill testified that she had roaches from the first day she moved into Pine View. Hill said that she had a three-year-old and that she could not do anything with the walls because they were cheap. Even though she wiped them once a week, they would change colors. Hill admitted that Pine View did come and spray, but Hill said it was just water because it did not kill the roaches. Hill denied having "tons of roaches" as Stallings portrayed and she said that

3

she managed them with Raid. Hill explained that when Stallings came inside, Hill's daughter had gone to her room and emptied a basket of clothes while trying to find something clean to wear. That, Hill said, was the mess that Stallings observed. Hill also said that on that day, she and her children had COVID-19.

¶8. During rebuttal, Stallings said that the apartments have roaches because people refused to clean up. Stallings also said that Hill had been evicted from another apartment complex for not cleaning and that Hill did not bring her belongings with her because they were full of bugs.

¶9. With nothing further offered by the parties, the circuit court took the matter under advisement and issued its opinion and order on March 16, 2022. The circuit court found Hill was in material non-compliance with the lease provisions that required a tenant to keep the unit clean. The court found that Hill's violation of the lease adversely affected the health of other residents and ruled that Pine View was entitled to evict Hill.

¶10. Hill appealed from the circuit court's judgment on March 18, 2022. She filed a brief in support of her position on September 2, 2022, certifying that she sent a copy to Brenda Stallings at Pine View on that same date. But Pine View has not filed a brief in response. Although Hill claims that the circuit court abused its discretion in its findings and "failed to consider the inequity that would be placed on Appellant," the only argument she presents with any supporting authority is that Pine View had "waived the eviction process" by accepting her rent.[3]

---

[3] This Court has continuously held that failure to cite relevant authority "obviates the appellate court's obligation to review such issues." *Thorson v. State*, 895 So. 2d 85, 110

4

**Standard of Review**

¶11. "The standard of review for a judgment entered following a bench trial is well settled." *Ing v. Adams*, 313 So. 3d 1046, 1051 (¶17) (Miss. Ct. App. 2020). "An appellate court will not disturb the trial court's factual findings unless the trial court abused its discretion, was manifestly wrong, or made a finding that was clearly erroneous." *Id*. (internal quotation marks omitted). Even though Pine View has not filed a brief, we may choose to decide the case on its merits. *McBride v. Jones*, 803 So. 2d 1168, 1169-70 (¶5) (Miss. 2002). As the Mississippi Supreme Court has stated:

> This Court has adopted two alternative approaches for reviewing a case in which the appellee has neglected to file a brief. First, the Court may accept appellant's brief as confessed and reverse. That is the appropriate course of action when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out an apparent case of error. The second alternative is to disregard the appellees' error and affirm. This alternative should be used when the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed.

*Webster v. Fannings*, 311 So. 3d 1157, 1159 (¶5) (Miss. 2021) (citations and internal quotation marks omitted).

¶12. In this case, the record can be conveniently reviewed, and because we conclude that Hill has failed to present an apparent case of error, we affirm the circuit court's judgment for the reasons discussed below.

**Discussion**

¶13. Hill argues that Pine View waived its right to pursue an eviction for her breach of her

---

(¶55) (Miss. 2004); *accord* M.R.A.P. 28(a)(7).

5

lease because Pine View allegedly accepted her rent post-breach. However, Hill did not present any proof of this or argue this issue to the circuit court during her trial and we are precluded from considering it now on appeal.

¶14. The record does not reflect when the parties appeared before the justice court judge, but it is undisputed Hill was given notice of her breach of the lease on January 10, 2022, and the justice court entered its judgment in favor of Pine View on February 3, 2022. In the de novo bench trial before the circuit court, Hill presented no testimony or documentary evidence that Pine View accepted rent from her after notifying her of her breach of the lease for an unclean unit and before her eviction. As recited in the facts above, Hill's testimony centered on her claims that she had not substantively breached the lease. Notably, she did not testify that Pine View had accepted her rent after the alleged breach. Nor did she argue this legal point to the circuit court. On appeal, however, she states that Pine View had waived its right to evict her by accepting her rent post-breach.

¶15. Failure to present an issue to the trial court precludes its consideration on appeal. *Anderson v. LaVere*, 136 So. 3d 404, 410 (¶27) (Miss. 2014). "Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Mitchell v. Miss. Dep't of Emp. Sec.*, 348 So. 3d 1030, 1034 (¶13) (Miss. Ct. App. 2022).

¶16. Accordingly, because Hill failed to present her argument (that Pine View had waived its right to evict her because it accepted her rent post-breach) to the circuit court, she is barred from raising it on appeal. There being no other issue properly raised by Hill on

6

appeal, we find no error and affirm the circuit court's judgment in favor of Pine View.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**